# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | : | No. 3:19cv1486 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
|     v. | : | |
| | : | |
| UNIVERSITY OF SCRANTON, | : | |
|     Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Plaintiff brings this action against his alma mater, Defendant University of Scranton. Plaintiff, who is gay, alleges, among other things, that the University of Scranton discriminated against him based on his sexual orientation and gender stereotyping. He claims that the defendant exhibited deliberate indifference to a hostile environment, including bullying and physical abuse and deprived him of equal educational opportunities. The question now before the court has nothing to do with the merits of the suit but, rather, requires the court to decide whether the plaintiff may proceed under a pseudonym.

At the time plaintiff filed suit, he moved to proceed under the pseudonym "John Doe." (Doc. 3, Plaintiff's Motion to Proceed Anonymously). The plaintiff failed to file a certificate with his motion indicating whether the defendant concurs with his requested relief. See L.R. 7.1 ("A motion must be written, and shall contain a certification by counsel for the movant that he or she has sought concurrence in the motion from each party, and that it has been either given or

denied."). Likewise, the defendant failed to file a brief in opposition of the plaintiff's motion, and the time for such filing has passed. See L.R. 7.6 ("Any party opposing any motion . . . shall file a brief in opposition within fourteen (14) days after service of the movant's brief . . . Any party who fails to comply with this rule shall be deemed not to oppose such motion."). Nevertheless, the court will decide the plaintiff's motion on its merits as our decision can affect access to the courts by the public.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure demand that the title of the complaint contains the names of all the parties. FED. R. CIV. P. 10(a). The public nature of lawsuits and the public interest inherent in the rights vindicated in courtrooms makes open and transparent proceedings imperative to equitable outcomes. See M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998) (holding that "[l]awsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.") (quoting Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992)).

Courts have long recognized, however, that the circumstances of a case, particularly where litigants may suffer extreme distress or danger from their

2

participation in the lawsuit, may require that plaintiffs proceed without revealing their true names. Courts have found that plaintiffs could proceed anonymously in cases involving "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." Doe. v. Megless, 654 F.3d 404, 408 (3d Cir. 2011) (quoting Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990)).

To proceed anonymously, "a plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" Id. (quoting Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1043 (9th Cir. 2010)). After a plaintiff sufficiently alleges he has a reasonable fear of severe harm, "district courts should balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." Id. (internal citations omitted). The United States Court of Appeals for the Third Circuit has considered the following non-exhaustive list of factors when conducting the balancing test. See Megless, 654 F.3d at 409. The factors favoring anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether

the party seeking to sue pseudonymously has illegitimate ulterior motives.

Megless, 654 F.3d at 409 (internal citations omitted). The factors disfavoring anonymity include:

(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Id.

**DISCUSSION**

In addressing plaintiff's motion to proceed anonymously, we will consider each of the factors raised by the United States Court of Appeals for the Third Circuit in Doe v. Megless, 654 F.3d 404 (3d Cir. 2011).

**I. Factors Favoring Anonymity**

**A. Preservation of Anonymity**

The first factor is the extent to which the anonymity of the plaintiff seeking to use a pseudonym has been preserved. The record provides no indication that since initiating this lawsuit plaintiff has waived his claim on anonymity by allowing others to discover his true name. Furthermore, the plaintiff has not revealed his sexual orientation to anyone other than his close friends, counsel, past partners, medical providers, counselors, the defendant, the Pennsylvania Human

4

Relations Commission, the Scranton Human Relations Commission, and family members. (Doc. 4 at 6, Plaintiff's Brief in Support). This factor weighs in favor of plaintiff's attempt to proceed anonymously.

### B. Bases for Request of Anonymity

Second, courts evaluate the bases upon which disclosure is feared or sought to be avoided, and the substantiality of such bases. Here, plaintiff seeks to avoid disclosure because he fears that if he is forced to publicly reveal his sexual orientation that he will endure additional harassment, which allegedly previously resulted in a physical assault and a threat to murder plaintiff. (Doc. 4 at 10, Plaintiff's Brief in Support). "Cases where a party risks public identification as a homosexual also raise privacy concerns that have supported an exception to the general rule of disclosure." Doe v. United Services Life Ins. Co., 123 F.R.D. 437, 439 (S.D.N.Y. 1988); accord Megless, 654 F.3d at 408; Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990). In addition to the record containing no indication that the plaintiff's allegations are unfounded, the court is well-aware of the threat of violence that the LGBTQ community can face. As such, we find plaintiff's reasons compelling for allowing him to proceed anonymously.

### C. Magnitude of the Public Interest in Maintaining Confidentiality

The third factor, the magnitude of the public's interest in maintaining the confidentiality of the litigant's identity, also weighs in the anonymous plaintiff's

5

favor. When examining this factor in <u>Megless</u>, the Third Circuit posed the question: "[I]f this litigant is forced to reveal his or her name, will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated?" <u>Megless</u>, 654 F.3d at 410. Without the protection of anonymity, future such plaintiffs would likely decline to participate in the lawsuit, and the public's interest in ensuring that those responsible for sexual orientation discrimination are held responsible could remain suppressed. Therefore, this factor weighs in favor of anonymity.

### D. Legal Nature of Issues in the Case

The fourth factor, whether the purely legal nature of the issues in the case make for an atypically weak public interest in the actual identity of the litigants, weighs in favor of anonymity. While cases involving discrimination typically turn on the judgments about credibility of witnesses, and the defendant has a strong interest in acquiring the identity of the plaintiff for the purposes of conducting discovery and depositions, the plaintiff has mitigated these concerns by agreeing to conduct discovery and depositions using his name. (Doc. 4 at 15, Plaintiff's Brief in Support). As such, this factor weighs in favor of maintaining anonymity.

### E. Danger of Adverse Outcome to Unnamed Plaintiff

We find that the fifth factor, the undesirability of an outcome adverse to the pseudonymous parties and attributable to their refusal to pursue the case at the price of being publicly identified, weighs in favor of anonymity. When discussing

this factor in Megless, the Third Circuit asked "will the claim be resolved on its merits if the litigant is denied the opportunity to proceed using a pseudonym, or will the litigant potentially sacrifice a potentially valid claim simply to preserve their anonymity?" Megless, 654 F.3d at 410. The public is harmed when alleged discrimination goes unchallenged because plaintiffs fear litigating publicly. As there is only one plaintiff in this case, the outcome would be determined by the decision of the anonymous plaintiff to abandon his lawsuit. This factor, therefore, weighs in favor of the plaintiff.

### F. Whether Plaintiff Has Ulterior Motives for Seeking Anonymity

We find that the sixth factor, whether the plaintiff seeking to proceed anonymously has illegitimate ulterior motives, weighs in favor of the plaintiff's anonymity. The reason for the plaintiff's desire to use a pseudonym in this case is clear: he wishes to maintain his privacy and avoid the potential harm that will come from disclosure of his name to the public. He fears that disclosing his identity could expose him to danger, specifically violence. After considering the previous threats that plaintiff alleges were made against him and the defendant's failure to point to any improper motive, we find no improper motive behind plaintiff's request to proceed anonymously. This factor weighs in favor of anonymity.

## II. Factors Favoring Disclosure

### A. Public Interest in Plaintiff's Identity

Of the factors in favor of disclosure of the anonymous plaintiff's identity, we find that the first of those factors, the universal level of public interest in access to the identities of the litigants, does not support a need for disclosure. We find no evidence of a widespread, much less universal, public interest in the identity of the plaintiff. Accordingly, the public's interest in the identity of the plaintiff is not so strong as to justify the danger of disclosing his identity with a legitimate fear for the consequences of that disclosure.

### B. Subject Matter of the Litigation

The next factor in favor of disclosure asks whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the normal public interest. This factor does not weigh in favor of disclosure. The subject matter of this litigation is primarily constitutional law, and the identity of the plaintiff is not as important to the outcome of the litigation as the legal arguments he raises. In addition, the plaintiff seeking anonymity here is not a public figure, and thus there is scant public need to follow his activities in order to prevent abuse of some public trust.

## C. Opposition by Counsel, the Public, or the Press

The final factor for the court to consider addresses whether the opposition to pseudonyms by counsel, the public, or the press is illegitimately motivated. As neither defense counsel, the public, nor the press have indicated any opposition to the plaintiff's motion, we find this factor weighs in favor of anonymity.

## CONCLUSION

Based upon the foregoing and considering the defendant's lack of opposition to the plaintiff's motion, we will grant the plaintiff's motion to proceed anonymously. (Doc. 3, Plaintiff's Motion to Proceed Anonymously). An appropriate order shall follow.

**BY THE COURT:**

**DATE: March 16, 2020**     **s/ James M. Munley_____**
**JUDGE JAMES M. MUNLEY**
**United States District Court**